**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3124
_____

FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC.,
                                                    Appellant

v.

ATTORNEY GENERAL OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-23076)
District Judge: Honorable Michael A. Shipp
_____

Argued: December 10, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 12, 2024)
_____

OPINION*
_____

Erin M. Hawley
Lincoln D. Wilson            **[ARGUED]**
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Erik Baptist
Dalton A. Nichols
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
     *Counsel for Appellant*

Jeremy Feigenbaum          **[ARGUED]**
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

Meghan Musso
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street
Newark, NJ 07101
     *Counsel for Appellee*

Olivia F. Summers
REGENT UNIVERSITY
1000 Regent University Drive
Virginia Beach, VA 23464
     *Counsel for Amici Pennsylvania Pregnancy Wellness Collaborative, New Jersey*
     *Right to Life, and National Institute of Family & Life Advocates in Support of*
     *Appellant*

Preston Carter
Marcus Waterman
GIVENS PURSLEY
P.O. Box 2720
Boise, ID 83701

Ilya Shapiro
MANHATTAN INSTITUTE
52 Vanderbilt Avenue
New York, NY 10017
     *Counsel for Amicus Manhattan Institute in Support of Appellant*

Preston Carter
Marcus Waterman
GIVENS PURSLEY
P.O. Box 2720
Boise, ID 83701
> *Counsel for Amici Institute for Free Speech and Religious Freedom Institute in Support of Appellant*

PER CURIAM[†]

First Choice sued the Attorney General of New Jersey to prevent him from enforcing a non-self-enforcing investigatory subpoena that requested, among other things, First Choice's donor records and identities. The case has proceeded in concurrent litigation in both state and federal court, and it has traveled up and down both court systems. It is now before us on the question of whether First Choice's constitutional claims are ripe.

We review the District Court's dismissal for lack of subject matter jurisdiction de novo. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). At the pleadings stage, we "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (internal quotation marks omitted).

"A foundational principle of Article III is that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Trump v. New York*, 592 U.S. 125, 131 (2020) (internal quotation marks omitted). Plaintiffs must demonstrate standing, including "an injury that is concrete, particularized, and imminent

---

[†] Judge Bibas dissents and would find First Choice's constitutional claims ripe because he believes that this case is indistinguishable from *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021).

rather than conjectural or hypothetical." *Id.* (internal quotation marks omitted). Claims must also be ripe, both to be encompassed within Article III and as a matter of prudence. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5, 167 (2014).

Having considered the parties' arguments, we do not think First Choice's claims are ripe. It can continue to assert its constitutional claims in state court as that litigation unfolds; the parties have been ordered by the state court to negotiate to narrow the subpoena's scope; they have agreed to so negotiate; the Attorney General has conceded that he seeks donor information from only two websites; and First Choice's current affidavits do not yet show enough of an injury. We believe that the state court will adequately adjudicate First Choice's constitutional claims, and we expect that any future federal litigation between these parties would likewise adequately adjudicate them. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); *Bonta*, 594 U.S. 595. Therefore, we affirm the judgment of the District Court dismissing the case for lack of subject matter jurisdiction.